NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STAN MAURICE WILLIAMS, *Appellant.*

No. 1 CA-CR 18-0187
FILED 1-31-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-002448-001
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**         Stan Maurice Williams appeals his conviction of fraudulent schemes and artifices, a Class 2 felony and the resulting sentence. Williams' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Williams was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Williams' conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         In August 2016, the Mesa Police Department received a tip from the manager of the Mekong Supermarket indicating someone without authorization was advertising the sale of wooden pallets from their store on Craigslist. The advertisement stated that for a flat cost of $20 the purchaser would receive addresses in Mesa where they could pick up wooden-pallets. Detectives Shawn Walkington and Thomas McKnight began an investigation into whether criminal activity was occurring.

**¶3**         On August 24, 2016, Walkington contacted the number on the Craigslist advertisement and stated that he would be interested in purchasing pallets. Following a brief text message conversation, Walkington received a link to a YouTube video which instructed him to place $20 under a "paystone" in the Mekong Plaza and that he could go to the Mekong Supermarket to pick up the requested pallets. Walkington and other officers went to the Mekong Supermarket, picked up some pallets and left $20 under the rock shown in the YouTube video. Later that day, Williams texted Walkington stating that he could not find the money and gave new instructions on where to place payment. Walkington placed the $20 in the new location and then observed Williams retrieve the $20.

¶4 The following day, McKnight staged a similar operation. McKnight texted the number on the Craigslist advertisement. Williams told McKnight that he could get pallets from Fiesta Plastics and sent him a link to the same YouTube video that Walkington received. After receiving the text instructions, McKnight contacted management of Fiesta Plastics. Management stated they had a previous interaction with Williams in which they instructed him that he was not authorized to sell their pallets or be on their premises. The police department did not retrieve pallets from Fiesta Plastics but still put money at the "paystone" in Mekong Plaza. Walkington then observed Williams pick up the $20 and enter a store in Mekong Plaza.

¶5 After Williams exited the store, McKnight and Walkington approached Williams and advised him of his *Miranda* rights. McKnight and Walkington confronted Williams about the advertisements. Williams stated he knew about the Craigslist advertisement. He further acknowledged that he was not allowed at Fiesta Plastics; however, he insinuated he was not the one going there, he was merely instructing others to do so. Walkington then placed Williams under arrest and found the $20 bill placed under the "paystone" in Williams' possession.

¶6 The State charged Williams with one count of fraudulent schemes and artifices, a Class 2 felony. Before trial, Williams moved to suppress the 911 broadcast during both operations described above, the text messages between himself and the detectives, evidence of his homelessness, and the video surveillance. The State objected only to the exclusion of the text messages. Following a hearing, the court denied the exclusion of the text messages.

¶7 At trial, both detectives testified regarding their investigations and encounter with Williams. Additionally, the State called the managers of both Mekong Supermarket and Fiesta Plastics, who both indicated that Williams did not have authority to sell the stores' pallets. At the close of the State's presentation of evidence, the defense moved for acquittal under Arizona Rule of Criminal Procedure 20. The superior court delayed ruling on the motion, citing inconvenience to the jury, but

ultimately denied the motion after the testimony of the defense's one witness.[1]

**¶8**        At the end of a four-day trial, the jury found Williams guilty of one count of fraudulent schemes and artifices. The superior court suspended imposition of a sentence and placed Williams on one-year unsupervised probation. The court also imposed reduced probation fees. Williams timely appealed.

## DISCUSSION

**¶9**        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶10**        Williams was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Williams all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Williams' sentence falls within the range prescribed by law.

## CONCLUSION

**¶11**        Williams' conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Williams' representation in this appeal will end after informing Williams of the outcome of this appeal and his future options, unless counsel's review

---

[1]        A Rule 20 motion should only be granted if "there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). The superior court "must rule on a defendant's motion with all possible speed" and "[u]ntil the motion is decided, the defendant is not required to proceed." Ariz. R. Crim. P. 20(a)(3). But, a "defendant who goes forward and presents a case waives any error," *State v. Nunez*, 167 Ariz. 272, 279 (1991), and on appeal, we review the superior court's ruling on a Rule 20 motion *de novo*, *State v. Florez,* 241 Ariz. 121, 124, ¶ 7 (App. 2016). Here, the superior court erred by proceeding without ruling on Williams' Rule 20 motion. However, he waived any error by proceeding, and the record contains substantial evidence to support the conviction.

reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA